| | |
|---|---|
| **DISTRICT COURT ARAPAHOE COUNTY STATE OF COLORADO**<br>7325 S. Potomac Street<br>Centennial, Colorado 80112 | DATE FILED<br>December 10, 2025 9:56 AM<br>FILING ID: 792A9B47D3BFA<br>CASE NUMBER: 2025CV32993 |
| **JENNIFER SABELL,**<br><br>**Plaintiff,**<br><br>v.<br><br>**COSTCO WHOLESALE CORPORATION,**<br><br>**Defendant.** | ▲**COURT USE ONLY**▲ |
| *Attorneys for Plaintiff:*<br>Daniel J. Caplis, #13171<br>John E. Kellner, #37937<br>Travis D. Barbarick, #47565<br>Adeline B. Mager, #62050<br>**THE DAN CAPLIS LAW FIRM, LLC**<br>Plaza Tower One Penthouse<br>6400 S. Fiddlers Green Circle, Suite 220kII0<br>Greenwood Village, CO 80111<br>Telephone: 303-770-5551<br>Fax: 303-770-5552<br>dan@caplislaw.com<br>john@caplislaw.com<br>tb@caplislaw.com<br>Adeline@caplislaw.com | Case Number:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Jennifer Sabell, by and through her attorneys, The Dan Caplis Law Firm, LLC, hereby files this Complaint and Jury Demand, and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jennifer Sabell ("Plaintiff") is now, and has been at all times relevant hereto, a resident of the State of Colorado.

2. Defendant Costco Wholesale Corporation ("Defendant") is a Washington corporation with a principal office street address of 999 Lake Drive, Issaquah, Washington 98027.

3. Defendant is authorized to conduct business in the State of Colorado, and its registered agent is CT Corporation, 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

4. Jurisdiction and venue are proper in Arapahoe County, State of Colorado, because the acts and omissions giving rise to the action occurred in Arapahoe County.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates all other paragraphs as though fully set forth herein.

6. Upon information and belief, on or around March 11, 2024, Defendant owned and operated the Costco Wholesale store located at 4000 River Point Parkway, Englewood, Colorado 80110 ("the Premises").

7. Upon information and belief, on or around March 11, 2024, the Premises owned by Defendant was open to the public for the purpose of selling goods to patrons.

8. Upon information and belief, Defendant is responsible for the condition of the Premises, including keeping its sales floors free from dangerous obstructions.

9. On or about March 11, 2024, Plaintiff was a patron at the Premises owned and operated by Defendant.

10. While shopping, Plaintiff mistakenly put her groceries in the cart of another patron. The other patron informed Plaintiff the cart was his and Plaintiff agreed to find another cart.

11. Plaintiff removed her items from the other patron's cart and as she stepped away, she tripped on a pallet jack that an employee of Defendant had left on the sales floor causing her to fall ("the Incident").

12. The pallet jack on the sales floor constituted a dangerous condition.

13. Upon information and belief, Defendant created the dangerous condition by placing and/or leaving the pallet jack on the sales floor.

14. Prior to the Incident, Defendant knew or should have known of the dangerous condition that caused Plaintiff to trip and fall.

15. Upon information and belief, prior to the Incident, Defendant unreasonably failed to remove the dangerous condition from the sales floor.

16. Upon information and belief, prior to the Incident, Defendant unreasonably failed to warn of the dangerous condition.

17. Upon information and belief, prior to the Incident, Defendant unreasonably failed to protect against the dangerous condition.

18. Upon information and belief, prior to the Incident, Defendant unreasonably failed to block access to the dangerous condition.

19. Defendant's failures caused Plaintiff to sustain severe injuries, damages, and losses.

20. As a result of the Incident on the Premises, Plaintiff sustained serious and permanent physical injuries, including but not limited to her right hip, low back, head, and fractured sacrum.

21. As a result of the incident, Plaintiff has undergone medical care, including but not limited to evaluations, orthopedic consultation, diagnostics, and conservative care.

22. As a result of the Incident, Plaintiff has incurred medical expenses.

23. Defendant's unreasonable acts and omissions directly caused Plaintiff's injuries, damages, and losses.

## FIRST CLAIM FOR RELIEF

*Plaintiff Jennifer Sabell Against Defendant Costco Wholesale Corporation – Premises Liability*

24. Plaintiff incorporates all other paragraphs as though fully set forth herein.

25. Defendant is the landowner of the Premises as defined by the Premises Liability Act.

26. Plaintiff was an invitee on the Premises as defined by the Premises Liability Act.

27. Defendant is responsible for the condition of the sales floor located on the Premises.

28. The pallet jack on the sales floor constituted a dangerous condition.

29. Defendant created the dangerous condition.

30. Defendant failed to warn Plaintiff of the dangerous condition it created, knew, or should have known existed.

31. Defendant failed to exercise reasonable care to protect Plaintiff from the dangerous condition that it created, knew, or should have known existed.

32. As a result of Defendant's breach of duty, Plaintiff suffered injuries, losses, and damages.

33. Defendant breached its duty of care to Plaintiff when it failed to warn patrons of and/or protect patrons from the pallet jack on the sales floor on the Premises. These breaches include but are not limited to:

    a. Failure to safely maintain the property;
    b. Failure to inspect the property;
    c. Failure to warn of the dangerous condition;
    d. Failure to correct the dangerous condition that Defendant created;
    e. Failure to supervise and manage agents and/or staff charged with property maintenance; and
    f. Other failures, acts, and omissions unknown at this time but which may become known through discovery.

34. Defendant is additionally vicariously liable for the acts and omissions of any agent charged with the task of property maintenance.

35. As a result of Defendant's breach of duty, Plaintiff suffered injuries, and losses for which Plaintiff is entitled to recover.

**WHEREFORE**, Plaintiff prays for judgment against Defendant for past and future economic, non-economic, physical disfigurement, and physical impairment damages, including, but not limited to: past and future medical expenses; past loss of earnings; reduced earning capacity; past and future physical and mental pain and suffering, inconvenience, loss of enjoyment of life, and emotional distress. Plaintiff seeks pre- and post-judgment interest, costs, fees as permitted by law, and any further relief the Court deems just.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted this 10th of December 2025.

THE DAN CAPLIS LAW FIRM, LLC

*s/ Travis D. Barbarick*
Daniel J. Caplis, #13171
John E. Kellner, #37937
Travis D. Barbarick, #27565
Adeline B. Mager, #62050
*Attorneys for Plaintiff*
This document was filed electronically pursuant to Rule 121 § 1-26(7). The original signed document is on file in counsel's office.

<u>Plaintiff's Address:</u>
Jennifer Sabell
c/o The Dan Caplis Law Firm, LLC
6400 S. Fiddlers Green Circle, Suite 220
Greenwood Village, CO 80111